UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. ___CR 23-31MSM___ |
| v. | |
| JORGE A. CAZARIN, | In violation of 26 U.S.C. § 7201 (Tax Evasion), 26 U.S.C. § 7203 (Failure to File a Tax Return) |
| Defendant. | |

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

### Introduction

1.      Defendant JORGE A. CAZARIN resided in New Bedford, Massachusetts.

2.      Defendant CAZARIN's principal place of business was in Rhode Island.

3.      Defendant CAZARIN worked as a commercial fisherman and deckhand for various companies, primarily out of Point Judith, in Narragansett, Rhode Island, for which he received substantial compensation.

4.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States, and collecting taxes owed to the United States.

5.      To accomplish its mission, the IRS used, among other means, various forms, returns, and return information that taxpayers and employees were required to file pursuant to the tax laws of the United States.

6.      In the commercial fishing industry, companies paid compensation to deckhands like defendant CAZARIN as non-employee independent contractors, and were required by law to file directly with the IRS at year end Forms 1099-MISC documenting, on Line 5, "Fishing boat proceeds," any compensation they paid to fishermen in excess of $600.

7.      A copy of the filed Form 1099-MISC was typically also provided by the companies directly to recipients such as defendant CAZARIN so that fishermen could prepare and file their own individual tax returns, such as Forms 1040. If their gross income was in excess of the minimum filing requirement set by law for each year, fishermen were required to file and report their total income, any allowable deductions, and their tax liability.

8.      Despite receiving substantial income well in excess of the minimum tax return filing requirements, as well as Forms 1099-MISC documenting that income from the fishing companies who paid him, defendant CAZARIN failed to file individual tax returns for at least 2013 through 2020, and failed to pay any tax on this income.

<u>Defendant's Tax Evasion</u>

9.      From in or about 2013 through in or about 2020, defendant CAZARIN attempted to evade income taxes due and owing on approximately $1.2 million in income he received as a commercial fisherman.

10.     Defendant CAZARIN cashed his paychecks at the issuing banks in order to conceal the source and disposition of income he earned as a fisherman.

11.     It was further part of his tax evasion that defendant CAZARIN lived a cash lifestyle, paying for personal expenditures using cash, in order to further conceal his financial activity.

## COUNTS ONE – FIVE
**(Tax Evasion)**

12.     Paragraphs 1 through 11 of this Indictment are incorporated by reference herein.

13.     During the calendar years set forth in the table below, the defendant,

JORGE A. CAZARIN,

received taxable income, upon which there was a substantial income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before the dates set forth below, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, CAZARIN, from on or about January of each calendar year to on or about the tax return due dates for each calendar year as set forth in the table below, in the District of Rhode Island and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, by committing the following affirmative acts, among others: (1) cashing income checks to conceal the nature, source, and disposition of the payments he received; and (2) using cash to pay for personal expenditures:

| Count | Tax Year | Date Return Due |
|-------|----------|-----------------|
| 1 | 2016 | April 18, 2017 |
| 2 | 2017 | April 17, 2018 |
| 3 | 2018 | April 15, 2019 |
| 4 | 2019 | July 15, 2020 |
| 5 | 2020 | May 17, 2021 |

All in violation of Title 26, United States Code, Section 7201.

## COUNTS SIX – TEN
**(Failure to File)**

14.     Paragraphs 1 through 11 of this Indictment are incorporated by reference herein.

15.     During the calendar years set forth in the table below, in the District of Rhode Island and elsewhere, the defendant,

JORGE A. CAZARIN,

had and received gross income in excess of the filing threshold set by statute. By reason of such income, CAZARIN was required by law, following the close of the calendar years, and on or before the dates set out below, to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, he did willfully fail, on or about the dates listed below, to make an income tax return:

| Count | Calendar Year | Date Return Due |
|-------|---------------|-----------------|
| 6 | 2016 | April 18, 2017 |
| 7 | 2017 | April 17, 2018 |
| 8 | 2018 | April 15, 2019 |
| 9 | 2019 | July 15, 2020 |
| 10 | 2020 | May 17, 2021 |

All in violation of Title 26, United States Code, Section 7203.

Date: 4/5/23

Grand Jury Foreperson

DAVID A. HUBBERT
Deputy Assistant Attorney General

Date: 4/5/2023          By:

JOHN N. KANE, JR.
Assistant Chief
MATTHEW L. COFER
Trial Attorney
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section

6